**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DIEGO HERNANDEZ-MENDOZA, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-73054 <br><br> Agency No. A075-093-421 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 4, 2015[**]
Seattle, Washington

Before: NOONAN, HAWKINS, and GOULD, Circuit Judges.

Petitioner Diego Hernandez-Mendoza petitions for review of the Board of

Immigration Appeals' ("BIA") decision upholding the immigration judge's decision

finding him removable as charged and denying his application for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").

The government met its burden to prove Petitioner was removable after his conviction for two crimes of moral turpitude "not arising out of a single scheme of criminal misconduct." 8 U.S.C. § 1227(a)(2)(A)(ii). Although the thefts were eight days apart (one at Walmart and the other at Fred Meyer), they were not crimes that were planned at the same time and executed in accordance with such a plan, especially in light of Petitioner's own testimony that they were each spontaneous events in which he became impatient waiting in line and left the stores without paying for the merchandise. *Cf. Leon Hernandez v. INS*, 926 F.2d 902, 905 (9th Cir. 1991). We, therefore, lack jurisdiction over this portion of his petition and dismiss it in part. 8 U.S.C. § 1252(a)(2)(C).

Any due process violation that might arise from the immigration judge's failure to advise Petitioner of the right to appeal is harmless because Petitioner did file a timely appeal, which the BIA adjudicated, and thus suffered no prejudice. *See Hartooni v. INS,* 21 F.3d 336, 340 (9th Cir. 1994).

The evidence does not compel the conclusion that Petitioner would be persecuted or tortured upon return to Mexico because he is in a particular social group of those returning after many years as permanent residents in the United States. This

group lacks the sort of particularity or social visibility required for asylum. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (holding that the petitioner's proposed social group, "returning Mexicans from the United States," is too broad to be a cognizable group); *see also Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1087–91 (9th Cir. 2013) (en banc). His speculation that he would become a target for gangs falls far short of the "more likely than not" standard required for CAT protection. 8 C.F.R. § 1208.16(c)(2).

**PETITION DISMISSED IN PART, DENIED IN PART.**